# ATTACHMENT 1

2 0 0 9 - 4 8 4 1 8

CAUSE NO.: _____

| | | |
|---|---|---|
| TEXAS MUTUAL INSURANCE COMPANY AS SUBROGEE OF LENARD GORE, | § § § § | IN THE DISTRICT COURT OF |
| | § | 7-30-2009 |
| Plaintiff, | § § | BY _____ DEPUTY |
| | § | |
| VS. | § § | |
| | § | |
| SNAP-ON BUSINESS SOLUTIONS, INC., SNAP-ON, INC., SNAP-ON SECURECORP, INC., SNAP-ON TOOLS COMPANY, LLC, SNAP-ON LOGISTICS COMPANY, SNAP-ON EQUIPMENT, INC. a/k/a EQUIPMENT SERVICES, INC., IDSC HOLDINGS, LLC, SIOUX TOOLS, INC., SNAP-ON POWER TOOLS, INC. and McMASTER-CARR SUPPLY COMPANY, | § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| | § § | |
| Defendants. | § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TEXAS MUTUAL INSURANCE COMPANY AS SUBROGEE OF

LENARD GORE, complaining of Defendants, SNAP-ON BUSINESS SOLUTIONS, INC.,

SNAP-ON, INC., SNAP-ON SECURECORP, INC., SNAP-ON TOOLS COMPANY, LLC,

SNAP-ON LOGISTICS COMPANY,      SNAP-ON      EQUIPMENT,      INC.      a/k/a

EQUIPMENT SERVICES, INC., IDSC HOLDINGS, LLC, SIOUX TOOLS, INC., SNAP-ON

POWER TOOLS, INC. AND MCMASTER-CARR SUPPLY COMPANY (referred to herein as

Defendants) and files this, its Original Petition showing the Court the following:

## I.
## DISCOVERY LEVEL

Plaintiff designates this case as a Level Three (3) discovery case pursuant to Texas Rule of Civil Procedure 190.4.

## II.
## PARTIES

Plaintiff, TEXAS MUTUAL INSURANCE COMPANY AS SUBROGEE OF LENARD GORE, (hereinafter "Plaintiff" and/or "Texas Mutual"), is a corporation duly authorized to conduct business in the State of Texas. Plaintiff files this Petition as the workers' compensation carrier for Lenard Gore's employer, and as subrogee of Lenard Gore (hereinafter "Mr. Gore"). Mr. Gore was in the course and scope of his employment at the time of his injuries on July 31, 2007.

Defendant, SNAP-ON BUSINESS SOLUTIONS, INC., is a foreign corporation organized and existing under the laws of the State of Delaware and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

### *Service is requested at this time*

Defendant, SNAP-ON, INC., is a foreign corporation which is a nonresident of Texas, which engages in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this is a proceeding that arises out of business done in Texas and to which this Defendant is a party. As such, pursuant to TCPRC § 17.044(b), the Texas Secretary of State is the agent for service of process on this Defendant. Pursuant to TCPRC § 17.045, the Texas Secretary of State may be served with duplicate copies of process for this Defendant, who shall then mail a copy of the process to this Defendant at its following registered

agent: The Corporation Trust Company, a/k/a CT Corporation System, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

*\*Service is requested at this time\**

Defendant, SNAP-ON SECURECORP, INC., is a foreign corporation organized and existing under the laws of the State of Wisconsin and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

*\*Service is requested at this time\**

Defendant, SNAP-ON TOOLS COMPANY, LLC, is a foreign corporation organized and existing under the laws of the State of Delaware and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

*\*Service is requested at this time\**

Defendant, SNAP-ON LOGISTICS COMPANY, is a foreign corporation organized and existing under the laws of the State of Wisconsin and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

*\*Service is requested at this time\**

Defendant, SNAP-ON EQUIPMENT, INC. A/K/A EQUIPMENT SERVICES, INC., is a foreign corporation organized and existing under the laws of the State of Delaware and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

*\*Service is requested at this time\**

TMIC.Gore.POP

Defendant, IDSC HOLDINGS, LLC, is a foreign corporation organized and existing under the laws of the State of Wisconsin and is authorized to do business in Texas and may be served with process by serving its registered agent for service of process: CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

### *Service is requested at this time*

Defendant, SIOUX TOOLS, INC., is a foreign corporation which is a nonresident of Texas, which engages in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this is a proceeding that arises out of business done in Texas and to which this Defendant is a party. As such, pursuant to TCPRC § 17.044(b), the Texas Secretary of State is the agent for service of process on this Defendant. Pursuant to TCPRC § 17.045, the Texas Secretary of State may be served with duplicate copies of process for this Defendant, who shall then mail a copy of the process to this Defendant at its following registered agent and home office address: CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601 and Gerald M. Kelly, CEO, 2801 80th Street, Kenosha, WI 53141.

### *Service is requested at this time*

Defendant, SNAP-ON POWER TOOLS, INC., is a foreign corporation which is a nonresident of Texas, which engages in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this is a proceeding that arises out of business done in Texas and to which this Defendant is a party. As such, pursuant to TCPRC § 17.044(b), the Texas Secretary of State is the agent for service of process on this Defendant. Pursuant to TCPRC § 17.045, the Texas Secretary of State may be served with duplicate copies of process for this Defendant, who shall then mail a copy of the process to this Defendant at its following registered agent: CT Corporation, 2222 Grand Ave., Des Moines, IA 50312.

*Service is requested at this time\**

Defendant, MCMASTER-CARR SUPPLY COMPANY, is a foreign corporation which is a nonresident of Texas, which engages in business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process, and this is a proceeding that arises out of business done in Texas and to which this Defendant is a party. As such, pursuant to TCPRC § 17.044(b), the Texas Secretary of State is the agent for service of process on this Defendant. Pursuant to TCPRC § 17.045, the Texas Secretary of State may be served with duplicate copies of process for this Defendant, who shall then mail a copy of the process to this Defendant at its following registered agent: James A. Delaney III, 600 County Line Rd., Elmhurst, IL 60126.

*Service is requested at this time\**

## III.
## JURISDICTION AND VENUE

The damages sought by Plaintiff, are within the jurisdictional limits of this Court. Venue is proper in this county, under Section 15.001, *et seq.,* of the Texas Civil Practice & Remedies Code, wherein all, or a substantial part of the events giving rise to this cause of action, occurred in Harris County, Texas.

## IV.
## FACTS

On July 31, 2007, Mr. Gore was employed by ASEP America, Inc. with a job title of Assembly Mechanic. Mr. Gore was at his employer's place of business located in Harris County, Houston, Texas. Mr. Gore was drilling a truck frame in the course and scope of his employment with a Sioux 1466 ½'' air powered drill (hereinafter "the drill"). The drill design was such that Mr. Gore held the drill in his right hand while grabbing a stabilizing handle with his left. The stabilizing handle was attached to the body of the drill. Due to a defect in the drill,

the stabilizing handle in Mr. Gore's left hand broke off of the drill body and the torque of the drill spun and wrenched the drill and caused severe injuries to Mr. Gore. Plaintiff, in the discharge of its liability under the subject workers' compensation insurance policy, has paid benefits totaling EIGHTY-FOUR THOUSAND THREE-HUNDRED NINETY AND 04/100 DOLLARS ($84,390.04), to or on behalf of Mr. Gore.

## V.
## PRODUCTS LIABILITY

Plaintiff contends that Defendants designed, manufactured and sold the drill in question. The drill was in substantially the same condition at the time of the incident as when sold by Defendants. The drill was equipped with a left-side stabilizing handle. However, the handle was designed and manufactured so as to allow it to forcefully disconnect from the body of the drill. This design created an unreasonable risk of injury. There exist alternative feasible designs that would reduce or eliminate the danger. This design defect was a producing cause of the incident in question and Plaintiff's injuries and damages.

## VI.
## MARKETING DEFECT

The drill was designed, marketed, sold and placed into the stream of commerce by Defendants. At the time of the sale of the drill it had marketing defects. Such marketing defects separately or in combination were a producing cause of the Plaintiff's injuries and damages.

## VII.
## BREACH OF IMPLIED WARRANTY

The drill was sold and placed into the stream of commerce by Defendants. As such, Defendants impliedly warranted that the product was merchantable and fit for its intended purpose. The design of the product allowed the left-side stabilizing handle of the drill to violently separate from the body of the drill. This condition created a risk of serious injury from the

equipment and rendered the product unmerchantable and unfit for its intended purpose. Such condition was a proximate cause of the occurrence in question and the Plaintiff's injuries and damages.

## VIII.
## CAUSE OF ACTION

Plaintiff is entitled to recover for injuries to Mr. Gore, caused by the conduct of Defendants, in an amount of past and future medical expenses and indemnity expenses, incurred by Plaintiff by reason of such damages, pursuant to Section 417 of the Texas Labor Code. Additionally, Plaintiff alleges that its damages were proximately caused by Defendants' negligence.

## IX.
## DAMAGES

Prior to the occurrence made the basis of this suit, Lenard Gore was a healthy and able-bodied individual. Lenard Gore sustained bodily injuries, as a proximate result of the Defendants' negligence. Plaintiff requests that the Court determine the amount of loss Lenard Gore has incurred in the past, and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

The elements of damages to be considered individually, for the purposes of determining the total sum of money that will fairly and reasonably compensate Lenard Gore are as follows:

1.    Physical pain and suffering, past and future;

2.    Mental anguish, past and future;

3.    Reasonable medical expenses necessarily incurred in the past, and to be incurred in the future;

4.    Loss of earnings, past and future;

5.    Loss of earning capacity, in the future; and

*TMIC:Gore.POP*

6.    Physical disablement, past and future.

Plaintiff is interested in this suit because it provided workers' compensation benefits in the form of indemnity benefits and medical benefits to, and/or on behalf of, Lenard Gore. At the time of the accident made the basis of this lawsuit, Claimant, Lenard Gore was in the course and scope of his employment with ASEP America Inc. Plaintiff, in the discharge of its liability under the subject workers' compensation insurance policy, paid medical and indemnity benefits to and/or on behalf of Lenard Gore in the amount of EIGHTY-FOUR THOUSAND THREE-HUNDRED NINETY AND 04/100 DOLLARS ($84,390.04). In addition, Plaintiff may be obligated to pay future benefits to and/or on behalf of Lenard Gore and, further, Plaintiff, by reason of such past and future payments, is herein subrogated to the rights of Lenard Gore.

## X.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information or materials described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TEXAS MUTUAL INSURANCE COMPANY as subrogee of Lenard Gore prays that Defendants, SNAP-ON BUSINESS SOLUTIONS, INC., SNAP-ON, INC., SNAP-ON SECURECORP, INC., SNAP-ON TOOLS COMPANY, LLC, SNAP-ON LOGISTICS COMPANY, SNAP-ON EQUIPMENT, INC. a/k/a EQUIPMENT SERVICES, INC., IDSC HOLDINGS, LLC, SIOUX TOOLS, INC., SNAP-ON POWER TOOLS, INC. AND MCMASTER-CARR SUPPLY COMPANY be served with citation and process, and that on final trial, Plaintiff have judgment against Defendants in an

amount in excess of the minimum jurisdictional limits of this court, for pre-judgment and post-judgment interest, for costs of court, reasonable attorneys' fees, and for such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

KELLY, SMITH & MURRAH, P.C.

Melissa Nance Murrah
State Bar No. 00788104
4305 Yoakum Blvd.
Houston, Texas 77006
713/861-9900 Telephone
713/861-7100 Facsimile
**Attorneys for Plaintiff**
**Texas Mutual Insurance Company,**
**as Subrogee of Lenard Gore**