IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS MUTUAL INSURANCE CO., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2780 |
| | § | |
| SNAP-ON BUSINESS SOLUTIONS, | § | |
| INC., *et al.*, | § | |
|     Defendant. | § | |

# **MEMORANDUM AND ORDER**

This is a products liability lawsuit arising from injuries sustained by Lenard Gore ("Gore") while drilling a truck frame during the course of his employment as an assembly mechanic with ASEP America, Inc. Plaintiff is Texas Mutual Insurance Company, who filed suit as subrogee of Lenard Gore. Defendants are Snap-on Business Solutions, Inc., Snap-on, Inc., Snap-on SecureCorp., Inc., Snap-on Tools Company, L.L.C., Snap-on Logistics Company, Snap-on Equipment, Inc. a/k/a Equipment Services, Inc., IDSC Holdings, L.L.C., Sioux Tools, Inc., Snap-on Power Tools, Inc. (the "Snap-on Defendants"), and McMaster-Carr Supply Company ("McMaster").

Pending before the Court are the Snap-on Defendants' Motion for Summary Judgment [Doc. # 23] and Defendant McMaster's Motion for Summary Judgment [Doc. #24]. Plaintiff has not filed a response nor has it requested additional time to

do so. These motions are now ripe for decision. Having considered the Defendants' briefing, the applicable legal authorities, and all matters of record, the Court concludes that both Defendants' Motions should be **granted.**

## I.     BACKGROUND

This lawsuit arises out of injuries sustained by Gore on July 31, 2007. During the course and scope of his employment as an assembly mechanic with ASEP America, Inc., Gore was drilling a truck frame with a Sioux 1466 ½" air powered drill (the "Drill"). Plaintiff alleges that due to a defect in the Drill, the stabilizing handle broke off of the Drill body, and the torque of the Drill spun and wrenched the Drill, causing severe injuries to Mr. Gore.[1] It is undisputed that the stabilizing handle that Plaintiff claims "broke off" has been discarded or lost, and was never made available for inspection by any expert.[2] The stabilizing handle at issue is a replaceable part of the Drill; the handle can be readily unscrewed and a replacement handle screwed in.[3]

---

[1]   *See* Plaintiff's Original Petition and Request for Disclosure [Doc. # 1-3] ("Plaintiff's Original Petition"), at 6-7.

[2]   *See* Defendants' Motion for Summary Judgment [Doc. # 23] ("Snap-on Defendants' Motion"), at 2; Defendant McMaster-Carr Supply Company's Motion for Summary Judgment [Doc. # 24] (Defendant McMaster's Motion"), at 2; Oral Deposition of Paul L. Carper, PE [Docs. ## 25, 26] ("Carper Deposition"), at 8.

[3]   Carper Deposition, at 34-35.

Plaintiff is the worker's compensation carrier for Gore's employer, ASEP America, Inc. Plaintiff claims that as a result of Mr. Gore's injuries, it has paid benefits totaling $84,390.04.[4] On July 30, 2009, Plaintiff filed suit in Texas state court, asserting causes of action for products liability, marketing defect, and breach of implied warranty against the Snap-on Defendants and McMaster. On August 27, 2009, the Snap-on Defendants timely filed a Notice of Removal [Doc. # 1] and the case was removed to federal court.

On July 23, 2010, Plaintiff designated Paul Carper, PE ("Carper") as a retained liability and engineering expert.[5] On September 23, 2010, Carper was deposed.[6] Pending before the Court are the Snap-on Defendants' Motion for Summary Judgment [Doc. # 23] and Defendant McMaster's Motion for Summary Judgment [Doc. #24]. Defendants argue that Carper's deposition testimony demonstrates that Plaintiff has no evidence establishing essential elements of their products liability, marketing

---

[4] Plaintiff's Original Petition, at 7.

[5] *See* Plaintiff's Designation of Expert Witness List [Doc. #20].

[6] *See generally* Carper Deposition.

defect, and breach of implied warranty claims.[7] Plaintiff has not responded and the time to do so expired December 9, 2010. These motions are now ripe for decision.

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

---

[7]     *See* Snap-on Defendants' Motion, at 5-10; Defendant McMaster's Motion, at 5-11. Defendants also argue that Plaintiff lacks evidence because (1) the stabilizing handle Plaintiff claims to be defective cannot be located; (2) the assembly plant where the alleged incident took place has been closed; (3) Plaintiff identified no individuals with knowledge of the incident and instead only broadly identified "Employees and/or Custodian of Records for ASEP America, Inc.;" and (4) Plaintiff has not supplemented any disclosure to provide current contact information for Gore. *See* Snap-on Defendants' Motion, at 8; Defendant McMaster's Motion, at 8-9.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. R. 7.3, 7.4. However, when Plaintiff fails to respond to Defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

## III. DISCUSSION

### A. Products Liability Claim

"To recover for a products liability claim alleging design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks relief." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (citing *Hernadez v. Tokai Corp.*, 2 S.W.3d 251, 256-57 (Tex. 1999), and TEX CIV. PRAC. & REM. CODE § 82.005(a)). "Safer alternative design" refers to "a product design other that the one actually used that in reasonable probability: (1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge." TEX CIV. PRAC. & REM. CODE § 82.005(b).

These requirements "necessitate competent expert testimony and objective proof that a defect caused the injury." *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 410-11 (Tex. App.–Tyler 2008, no pet.) (citing *Nissan Motors Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004)). "Conclusory statements by an expert are not

competent evidence and are insufficient to support or defeat summary judgment." *Id.* at 411 (citing *Wadewitz v. Montgomery*, 851 S.W.2d 464, 466 (Tex. 1997)); *accord Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 839-40 (Tex. 2010).

Plaintiff asserts a design defect claim and possibly a manufacturing defect claim.[8] Plaintiffs have presented no evidence to establish essential elements of their products liability claim. For example, Plaintiff has presented no evidence to establish that the Drill and/or its stabilizing handle were defectively designed or manufactured. In his September 2010 deposition, Carper indicates that "with his current knowledge," he could not testify that the Drill was "misdesigned" or "mismanufactured."[9]

---

[8] Plaintiff alleges the following:

> Plaintiff contends that Defendants designed, manufactured and sold the drill in question. The drill was in substantially the same condition at the time of the incident as when sold by Defendants. The drill was equipped with a left-side stabilizing handle. However, the handle was designed and manufactured so as to allow it to forcefully disconnect from the body of the drill. This design created an unreasonable risk of injury. There exist alternative feasible designs that would reduce or eliminate the danger. This design defect was a producing cause of the incident in question and Plaintiff's injuries and damages.

Plaintiff's Original Petition, at 7.

[9] Carper Deposition, at 47. Carper repeatedly states in his deposition that he cannot form conclusions because he needs to receive discovery materials and review them, and perform additional analyses. *See, e.g. id.* at 47 ("Q. Now are you–have you done the analysis necessary to testify to that statement at this time? A. No. It says anticipated. Again, there is some things I need to review, or you know, see testimony of in discovery on."). To date, Plaintiff has presented no evidence that these analyses were completed or that Carper can offer opinions supporting Plaintiff's positions.

Similarly, Plaintiff has presented no evidence to establish that there existed a "safer alternative design." Although Carper suggested means to improve the Drill, he testified that he had not done any research on whether his suggestion was a feasible alternative design at the time the drill was manufactured.[10] Finally, Plaintiff presented no evidence that any design defect caused Gore's injuries. Carper testified that he could not rule out misuse of the Drill as a possible cause of the accident.[11] Notably, Plaintiff has presented no evidence as to which of the Defendants designed the Drill, which Defendant manufactured the Drill, or whether McMaster, the alleged retailer, made any modifications to the Drill.[12] Accordingly, Plaintiff has failed to raise a genuine issue of material fact as to essential elements of their products liability claim.

### B. Marketing Defect Claim

"If a manufacturer knows or should know of potential harm to a user because of the nature of its product, the manufacturer is required to give an adequate warning of such dangers." *Bristol-Myers Co. v. Gonzalez*, 561 S.W.2d 801, 804 (Tex. 1978); *accord Clark Equip. Co. v. Pitner*, 923 S.W.2d 117, 126 (Tex. App.–Houston [14

---

[10] *Id.* at 60.

[11] *Id.* at 25.

[12] *See id.* at 21-23.

Dist.] 1996, writ denied); *DeGrate*, 261 S.W.3d at 411. To support a marketing defect claim, a plaintiff must present evidence that

   (1)   a risk of harm is inherent in the product or may arise from the intended or reasonably anticipated use of the product,

   (2)   the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed,

   (3)   the product possessed a marketing defect,

   (4)   the absence of the warning or instructions rendered the product unreasonably dangerous to the ultimate user or consumer of the product, and

   (5)   the failure to warn or instruct constituted a causative nexus in the product user's injury.

*DeGrate*, 261 S.W.3d at 411.

Plaintiff asserts a marketing defect claim.[13] Plaintiff has presented no evidence to establish essential elements of such a claim. Although Carper suggests possible improvements to the Drill's design,[14] Carper never testified that there was a risk of harm inherent in the Drill, that there was a risk of harm that might arise from the Drill's intended or reasonably anticipated use, or that Defendants should have known

---

[13]   Plaintiff alleges the following: "The drill was designed, marketed, sold and placed into the stream of commerce by Defendants. At the time of the sale of the drill, it had marketing defects. Such marketing defects separately or in combination were a producing cause of the Plaintiff's injuries and damages." Plaintiff's Original Petition, at 7.

[14]   *See, e.g.*, Carper Deposition, at 59-60.

or reasonably foreseen any risk of harm at the time the Drill was manufactured. Notably, Carper offers no testimony about whether or not warnings accompanied the Drill or whether the absence of warnings rendered the Drill unreasonably dangerous. To date, Plaintiff has produced no evidence in support of any of these elements. Accordingly, Plaintiff has failed to raise a genuine issue of material fact as to Defendants' liability for defective marketing.

### C. Breach of Implied Warranty

In an action based on breach of warranty, a plaintiff must show "not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained." TEX. BUS. & COM. CODE § 2.314 cmt. 13. To prevail on a claim for breach of the implied warranty of merchantability, a plaintiff must also show as follows: (1) "that the goods were defective at the time they left the manufacturer's or seller's possession;" and (2) "that the goods were unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy, *i.e.,* because of a defect." *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989); *accord Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667-68 (Tex. 1999). In contrast, to prevail on a claim for breach of the implied warranty of fitness, a plaintiff must additionally establish that "the seller at the time of contracting ha[d] reason to know any particular purpose for

which the goods [we]re required and that the buyer [was] relying on the seller's skill or judgment to select or furnish suitable goods." TEX. BUS. & COM. CODE § 2.3145; *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 425 (5th Cir. 2006).

Plaintiff asserts claims for breaches of implied warranties of merchantability and fitness for an intended purpose.[15] Plaintiff has produced no evidence establishing essential elements of their breach of implied warranty claim. Notably, Plaintiff has produced no evidence that Defendants sold or leased the Drill to Plaintiff, Gore, and/or ASEP America, Inc. Plaintiff has produced no evidence that the product was unmerchantable. Plaintiff's expert testified that he did not know if the stabilizing handle had been attached to the Drill at the time of Gore's injuries, that he did not know whether Gore was using the Drill as intended at the time of his injuries, and that he could not rule out misuse of the Drill as the cause of Gore's injuries.[16] Further,

---

[15] Plaintiff alleges the following:

> The drill was sold and placed into the stream of commerce by Defendants. As such, Defendants impliedly warranted that the product was merchantable and fit for its intended purpose. The designed of the product allowed the left-side stabilizing handle of the drill to violently separate from the body of the drill. This condition created a risk of serious injury from the equipment and rendered the product unmerchantable and unfit for its intended purpose. Such condition was a proximate cause of the occurrence in question and the Plaintiff's injuries and damages.

Plaintiff's Original Petition, at 7.

[16] *See* Carper Deposition, at 25, 43-44, 46.

Plaintiff has presented no evidence that any Defendant knew that ASEP America, Inc., Gore, and/or Plaintiff was buying the Drill for a particular purpose, or that the Drill was unfit for that purpose. Accordingly, Plaintiff has not established a genuine issue of material fact as to Defendants' liability for breach of the implied warranty of merchantability, or breach of the implied warranty of fitness.

## IV.   CONCLUSION AND ORDER

The Court concludes that Plaintiff has not presented evidence establishing essential elements of their products liability, marketing defect, and breach of implied warranty claims against Defendants. Accordingly, it is hereby

**ORDERED** that Defendants' Motions for Summary Judgment [Docs. ## 23, 24] are **GRANTED**.

The Court will issue a separate final judgment

SIGNED at Houston, Texas, this **31**$^{st}$ day of **January, 2011**.

_____
Nancy F. Atlas
United States District Judge